UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X,

MARTA R. LAYTON,

                Plaintiff,

                -against-

JOSE LAYTON,

                Defendant.
----------------------------------------------------------X

**OPINION & ORDER**
**07 CV 4740 (SJF) (ARL)**

FEUERSTEIN, J.

I.     Introduction

On November 13, 2007, *pro se* plaintiff Marta R. Layton ("Plaintiff") commenced this action against defendant Jose Layton ("Defendant"), alleging claims for "fraudulent marriage" and violations of 18 U.S.C. § 1001 ("§ 1001") and 42 U.S.C. § 10601 ("§ 10601"). (Compl. p.2.) Specifically, Plaintiff alleges that Defendant, *inter alia*, physically and verbally abused her, fraudulently induced her into marrying him, and threatened Plaintiff's life. Plaintiff is seeking to have Defendant "deported or his green card to be [sic] taken away." (Id. at 4.) For the reasons set forth below, the Complaint is dismissed *sua sponte* for lack of jurisdiction.

II.     Discussion

A.     Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. See Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

B.    Jurisdiction

A court may *sua sponte* raise the issue of subject matter jurisdiction at any time. United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). "Where jurisdiction is lacking . . . dismissal is mandatory." Id. (citations omitted). A federal district court has subject matter jurisdiction if: (1) a federal question is presented, or (2) when the parties have complete diversity of citizenship and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000). See 28 U.S.C. §§ 1331, 1332.

Plaintiff does not allege that this Court has subject matter jurisdiction based on diversity of citizenship and, since both parties are residents of the State of New York, diversity jurisdiction is lacking. Rather, Plaintiff alleges that this Court has federal question subject matter jurisdiction. Specifically, Plaintiff alleges jurisdiction pursuant to § 1001 and § 10601.

However, § 1001 is a federal criminal statute that does not provide a private right of action. See, e.g., Vasile v. Dean Witter Reynolds Inc., 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998); Bender v. General Services Admin., No. 05 Civ. 6459, 2006 WL 988241, at * 1 (S.D.N.Y. Apr. 14, 2006); Piorkowski v. Parziale, No. 02 Civ. 963, 2003 WL 21037353, at * 8 (D.Conn. May 7,

2

2003). In addition, § 10601 is a federal statute that establishes a Crime Victims Fund, which is "a federal source of funds for programs that compensate and assist crime victims." United States v. Munoz-Flores, 495 U.S. 385, 398, 110 S.Ct. 1964, 1972 (1990) (citing 42 U.S.C. § 10601(d)). Therefore, neither § 1001 nor § 10601 can be a basis for federal question subject matter jurisdiction.

Even a liberal reading of the Complaint, which essentially alleges a tort of fraudulent inducement to marry, does not state a basis for federal question subject matter jurisdiction as the Complaint is devoid of any cognizable claim arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Based upon the lack of diversity of citizenship or presentation of a federal question, this Court lacks subject matter jurisdiction. Accordingly, Plaintiff's Complaint is dismissed.


C.    Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure states that a party shall be given leave to replead when justice so requires. Fed. R. Civ. P. 15(a). A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). However, since even a liberal reading of the complaint does not give any indication that this Court has jurisdiction over Plaintiff's claims, Plaintiff is not granted leave to amend her complaint. See Bennett v. New York City Hous. Auth., 248 F. Supp. 2d 166, 172 (E.D.N.Y. 2002) (dismissing complaint for lack of subject matter jurisdiction and denying leave to amend

the complaint on the grounds that any such amendment would be futile); see also Fitzgerald v.

First East Seventh St.Tenants Corp., No. 99 Civ. 6051, 1999 WL 675996, at * 1 (S.D.N.Y. Aug.

31, 1999), aff'd, 221 F.3d 362 (2d Cir. 2000) (*sua sponte* dismissing complaint and denying

leave to amend the complaint on the grounds that any such amendment would be futile).

III.    Conclusion

For the reasons stated herein, Plaintiff's Complaint is dismissed in its entirety for lack of

subject matter jurisdiction.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: February 17, 2009
Central Islip, New York

4

Copies to:

Marta R. Layton
383 Washington Avenue
Brentwood, NY 11717

Jose Layton
P.O. Box 2370
Astoria, NY 11102